**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TELULAR CORPORATION, <br><br> Defendant. | Civil Action No. 1:14-CV-09852 |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT TELULAR CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY, TO CONTINUE THE MOTION**

# Contents

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARD ........................................................................................................... 2

    A.     Standard for Rule 12(c) Motion ................................................................................. 2

    B.     Standard for a Motion to Strike ................................................................................. 3

    C.     Legal Standard for Amending the Schedule ............................................................. 4

III. ARGUMENT ....................................................................................................................... 4

    A.     Defendant's Motion for Judgment On the Pleadings Must Be Treated As a Rule 56 Motion for Summary Judgment .................................................................................. 4

    B.     The Motion Is Untimely ............................................................................................ 5

    C.     Defendant Failed to Demonstrate Good Cause or Timeliness in Seeking to Amend the Schedule to Permit an Early-Filed (Dispositive) Motion ................................... 5

    D.     Defendant Has Not Asserted, Nor Preserved a Defense Under 35 U.S.C. § 101 ...... 6

    E.     Defendant's Motion Should Be Stricken From the Record ...................................... 7

IV. CONCLUSION ................................................................................................................... 9

# Table of Authorities

**Cases**

*3M Co. v. Boulter*, 842 F.Supp.2d 85 (D.D.C. 2012) .......... 3

*Betts v. East St. Louis Housing Authority*, 2007 WL 2088813 (S.D. Ill. July 18, 2007)...... 4, 5, 11

*Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734 (N.D. Ill. Feb. 16, 1982) .......... 4

*CoStar Realty Information, Inc. v. CIVIX-DDI, LLC*, case no. 1:12-cv-4968 (N.D. Ill. Aug. 8, 2013).......... 10

*Dagens v. Village of Wonder Lake*, 2014 WL 4829269 (N.D. Ill. Sept. 29, 2014) .......... 5

*Homesite Ins. Co. of the Midwest v. Electrolux Home Products, Inc.*, 2012 WL 6681710 (N.D. Ind. Dec. 21, 2012) .......... 5

*Intercon Solutions, Inc. v. Basel Action Network*, 969 F.Supp.2d 1026 (N.D. Ill. Aug. 28, 2013).......... 3

*Sloan v. Zurn*, Slip op. at p. 8, Case no. 1:10-cv-0204, Dkt. No. 285 (N.D. Ill. Apr. 12, 2012) .. 10

*Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654 (7th Cir. 1992) .......... 5, 11

*Van Schouwen v. Connaught Corp.*, 782 F.Supp. 1240 (N.D. Ill. Oct. 10, 1991).......... 4, 9, 10

*Williams v. Jader Fuel Co.*, 944 F.2d 1388 (7th Cir. 1991) .......... 4

**Rules**

Advisory Committee Notes to the 1946 Amendment of Fed.R.Civ.P. 12(c) .......... 3, 4

Fed. R. Civ. P. 12.......... 3

Fed.R.Civ.P. 12(c) .......... 2, 6, 7, 10

Fed.R.Civ.P. 12(d) .......... 3

Fed. R. Civ. P. 12(f).......... 4, 5

Fed. R. Civ. P. 16.......... 7

Fed. R. Civ. P. 16(b)(4).......... 5

Fed. R. Civ. P. 56.......... 6, 7

**Local Patent Rules for the Northern District of Illinois**

L.P.R. 2.3 .......... 7

LPR 2.1 .......... 1

Preamble to the Local Patent Rules for the Northern District of Illinois.......... 8

I.      INTRODUCTION

Plaintiff Joao Control & Monitoring Systems, LLC ("JCMS" or "Plaintiff") files this Motion to Strike Defendant Telular Corporation's ("Defendant" or "Telular") Motion for Judgment on the Pleadings (Dkt. No. 45), and respectfully seeks relief from the Court in the form of an order to strike or continue the motion until the time set for dispositive motion practice.[1] The motion is really a Rule 56 motion – a motion that is untimely and based on evidence outside of the pleadings. It should be stricken and the hearing continued until such later time as set in the schedule for dispositive motion practice. Plaintiff will be severely prejudiced if required to brief this motion now because it is filed much too late in the case for a Rule 12(c) motion, and too early for a Rule 56 motion. The parties are in the midst of discovery disputes, and on the eve of commencing claim construction. ***Defendant's motion should also be dismissed and the case remain on a schedule similar to what Defendant previously agreed to in the Rule 16 Conference and in the Planning Report – none of which mentioned the possibility of early dispositive motion practice.*** (Dkt. Nos. 16, 18).

This is not the first time that Defendant has ignored the schedule. In fact, this appears to Defendant's *modus operandi*. Its tactics have been quite successful at delaying substantive discovery while creating 'red herring' issues that have consumed substantial time of Plaintiff to evaluate and address, as well as the time of this Court. Not only did Defendant serve initial disclosures one month late and its LPR 2.1 document production was over three months late, but its invalidity contentions referred to the wrong case and wrong case facts. Defendant further wasted time in alleging a completely unfounded defense of indemnification which never actually

---

[1] Plaintiff expressly reserves any and all rights, and does not waive any rights, to respond to the substance of the Defendant's motion if and when the Court sets a briefing schedule on the motion.

Case no. 1:14-cv-09852 (N.D. Ill.)                                                                                              Page |1
PLAINTIFF'S MOTION TO STRIKE DEFENDANT TELULAR CORPORATION'S MOTION FOR
JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, TO CONTINUE THE MOTION

existed.[2] Yet Defendant continued to assert this baseless defense in written discovery responses and in discussions with counsel, and even in conference(s) with this Court in July and August. It was not until Defendant provided two letters regarding indemnification to Plaintiff's counsel on August 6, 2015 that Plaintiff learned that iControl had refused to indemnify Telular over two months prior. Now, Defendant files its motion for judgment on the pleadings in disregard of the schedule.

Defendant's motion comes at a time when fact discovery should be closing and claim construction commences. In fact, the parties are set to exchange claim terms to propose for construction tomorrow, Wednesday, August 26, 2015. Its motion should be dismissed and stricken as untimely, and the hearing continued until the proper time for dispositive motion practice as set in the schedule.

## II. LEGAL STANDARD

### A. Standard for Rule 12(c) Motion

Federal Rule of Civil Procedure 12(c) states:

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

Federal Rule of Civil Procedure 12(d), which governs motions seeking adjudication on the merits based on matters outside of the pleadings, states as follows:

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary

---

[2] Defendant did not seek indemnification until the end of May 2015, and its request to third party iControl Networks ("iControl") was promptly denied just a few days later. Defendant did not disclose iControl as the alleged indemnifier until the end of June 2015, despite requests from Plaintiffs for months.

judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed.R.Civ.P. 12(d). See also *Intercon Solutions, Inc. v. Basel Action Network*, 969 F.Supp.2d 1026, 1045-46 (N.D. Ill. Aug. 28, 2013). "The purpose of Rule 12(d) was to "link[] Rule 12 with Rule 56 to provide the *exclusive* means for federal courts to use to rule upon a pretrial motion to adjudicate a case on the merits based on matters outside the complaint...." *Intercon Solutions, Inc.*, 969 F.Supp.2d at 1044 (citing *3M Co. v. Boulter*, 842 F.Supp.2d 85, 98 (D.D.C. 2012) (emphasis in original). See also Advisory Committee Notes to the 1946 Amendment of Fed.R.Civ.P. 12(c). "The Advisory Committee Notes also make clear that the label assigned to a particular motion is of no consequence. Any motion requesting an adjudication on the merits based on extraneous material, "whatever its label or original basis," should be tied to the summary judgment rule." *Intercon Solutions, Inc. v. Basel Action Network*, 969 F.Supp.2d at 1046. (citing Fed. R.Civ.P. 12 Adv. Comm. Note on 1946 Am.).

### B. Standard for a Motion to Strike

Under Rule 12(f), a party may move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The court may also "order matters stricken "upon the court's own initiative at any time." *Betts v. East St. Louis Housing Authority*, 2007 WL 2088813, * 1 (S.D. Ill. July 18, 2007). "According to the United States Court of Appeals for the Seventh Circuit, this portion of the rule allows a district court to review a motion to strike at any point in the proceedings. *Id*. (citing *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991). A party may seek to strike a defense if it is "patently defective." *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736 (N.D. Ill. Feb. 16, 1982) (quoting 5 Wright and Miller, Fed. Practice and Procedure § 278 at 351-52). While motions to strike are generally disfavored, they can, at times, "help litigants clear away irrelevant

or redundant clutter." *Van Schouwen v. Connaught Corp.*, 782 F.Supp. 1240, 1245 (N.D. Ill. Oct. 10, 1991). There are other contexts in which the sufficiency of a defense can be more thoroughly tested with the benefit of a fuller record – such as on a motion for summary judgment. *Id.* at 1245. Allegations may be stricken pursuant to Rule 12(f) "if the matter … may cause the objecting party prejudice." *Betts*, 2007 WL 2088813, * 2 (quoting *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

### C. Legal Standard for Amending the Schedule

Rule 16(b)(4) of the Fed. R. Civ. P. allows amendment of the Court's schedule "only for good cause and with the judge's consent." "The good cause standard focuses on the diligence of the party seeking the extension." *Homesite Ins. Co. of the Midwest v. Electrolux Home Products, Inc.*, 2012 WL 6681710, *3 (N.D. Ind. Dec. 21, 2012). See also *Dagens v. Village of Wonder Lake*, 2014 WL 4829269, *2 (N.D. Ill. Sept. 29, 2014).

## III. ARGUMENT

### A. Defendant's Motion for Judgment On the Pleadings Must Be Treated As a Rule 56 Motion for Summary Judgment

Defendant relies upon evidence outside of the pleadings in support of its Motion for Judgment on the Pleadings. Defendant relies on materials from Wikipedia (Exhibit 6, Dkt. No. 45-6). Defendant relies on four other unrelated patents in its argument at Exhibits 8 – 11 (Dkt. Nos. 45-8 through 45-11[3]). Defendant's argument at pp. 6-7, cites to and discusses content of a Wikipedia entry in Exhibit 6. (Dkt. No. 45, 45-6). Defendant relies upon other patents that are attached to the motion as Exhibits 8-10, and discusses their content as well as excerpts from the file history of one of the patents-in-suit at pp. 9-11 of Dkt. No. 45. Defendant even quotes the examiner's Notice of Allowance in the '363 Patent prosecution – but fails to include the

---

[3] Document attached as Dkt. No. 45-11 does not include the patent which Defendant discusses.

document as an exhibit. Dkt. No. 45 at p. 10. Defendant even compares the claims of the patents-in-suit to the claims of a different, unrelated patent but does not actually include the patent as evidence Rather, Defendant attaches an order from a different litigation in a different court. Defendant's reliance on facts and evidence from outside of,[4] and beyond the pleadings in this case, automatically turns the Rule 12(c) motion to a Rule 56 motion for summary judgment. This motion is filed out-of-time and should be dismissed and stricken from the docket. Defendant has not filed a Rule 12(c) motion and instead has used the motion as a way to raise its 35 U.S.C. § 101 defense with additional evidence that is not usually utilized or relied upon for challenging a patent under 35 U.S.C. § 101. Even if it were a true Rule 12(c) motion and based solely on the content of the pleadings, it comes over eight months after the pleadings were closed and is untimely for that reason alone.

### B. The Motion Is Untimely

The Local Rules and Local Patent Rules of this district court do not allow early summary judgment motion practice – especially where, as here, Defendant has not complied with the Local Patent Rules because it did not disclose, or even suggest a 35 U.S.C. § 101 defense in its initial invalidity contentions. L.P.R. 2.3. The case schedule and Planning Report – both of which were agreed to by Defendant – do not contemplate or permit early motion practice at all, let alone early motion practice under Rule 12(c) or Rule 56. See Dkt. Nos. 16, 18. Defendant can point to nothing in the schedule, the Local Rules or Local Patent Rules that permits this motion under these circumstances. Defendant's motion should be stricken as untimely.

### C. Defendant Failed to Demonstrate Good Cause or Timeliness in Seeking to Amend the Schedule to Permit an Early-Filed (Dispositive) Motion

---

[4] Plaintiff reserves it right to challenge the evidence, the basis of submitting the evidence, and the Defendant's argument and reliance on materials that are not properly attached as evidence to the motion, and thus, not before the Court.

Defendant has made no effort to even try to make its motion appear as proper or timely. Defendant has not addressed the fact that it never before raised early motion practice as a possibility. Defendant did not previously disclosed its theory of invalidity under § 101 in discovery. This motion is a clear-cut example of sandbagging litigation tactics, which are strongly disfavored by the courts.

Defendant cannot demonstrate good cause exists for amending the court's schedule to allow for filing its motion now based on a newly asserted defense. Defendant cannot meet the high burden of demonstrating good cause and timeliness to amend the schedule as required under Fed. R. Civ. P. 16, and its motion pursuant to Rule 12(c) should be stricken.

### D. Defendant Has Not Asserted, Nor Preserved a Defense Under 35 U.S.C. § 101

Defendant failed to raise 35 U.S.C. § 101 as a basis of invalidity in its Initial Invalidity Contentions or Supplemental Invalidity Contentions.[5] Since Defendant did not assert § 101 as a basis for proving invalidity, it is prohibited from raising this defense with this unexpected motion at this time. The Local Patent Rules require early disclosure of the parties' patent claims and defenses in order to allow discovery on the issues.

> These Local Patent Rules provide a standard structure for patent cases that will permit greater predictability and planning for the Court and the litigants. These Rules also anticipate and address many of the procedural issues that commonly arise in patent cases. The Court's intention is to eliminate the need for litigants and judges to address separately in each case procedural issues that tend to recur in the vast majority of patent cases.

Preamble to the Local Patent Rules for the Northern District of Illinois. Here, Defendant has waived its right to assert a § 101 defense at this time because it never disclosed § 101 as a potential basis for invalidity.

---

[5] Defendant also failed to identify the correct field of art, and failed to address the correct facts of the patents-in-suit. See Exhibit 1: Plaintiff's Response to the Initial Invalidity Contentions, FN 1 at p. 1, pp. 4-6, FN 2, 3 (highlight added); Exhibits 2:. Initial Invalidity Contentions at p. 1, 4 (highlight added); Exhibit 3: Supplemented Invalidity Contentions, at p. 4 (highlight added).

Defendant's first attempt at serving initial invalidity contentions was fraught with incorrect information, and ultimately was an attempt to point at everything, and in doing so, disclosed nothing about its true theories. Yet even where Defendant pointed to so much information in its contentions, and much more than the 12 reference limit that it had agreed to – ***again not adhering to its own written word and statements made in court***, Defendant's glaring omission of any § 101 invalidity challenge sent a clear message to Plaintiff that this defense was not in the case. Exhibit 2: Defendant's Initial Invalidity Contentions. Even after Plaintiff and Defendant agreed that Defendant would supplement those contentions, the same mistakes were still present – and Defendant *still* did not raise a defense under § 101. Exhibit 3: Defendant's Supplement to the Initial Invalidity Contentions.

Defendant's failure to adhere to the Local Patent Rules and this Court's schedule should not now be rewarded with being permitted to supplement its basis for challenging invalidity through surprise motion practice under Rule 56 to assert a new invalidity defense under §101. Defendant's late-disclosure amounts to sandbagging Plaintiff at a time when defendant should simply produce documents and meet its discovery obligations, and prepare for the claim construction stage of discovery.

Defendant again fails to show respect to any so-called agreement in the Rule 26(f) Planning Report. Nor does Defendant stand by its statements and representations to the Court made at the Rule 16 Conference in agreeing with the proposed schedule and terms of that Planning Report. Defendant's actions reveal outward defiance of the Court's schedule for this case, and a continued practice of self-serving statements. Once again, its self-serving statements contradict its previous position(s) taken in statements made to Plaintiff and this Court.

### E. Defendant's Motion Should Be Stricken From the Record

Motions to strike are generally disfavored but there are times, such as those here, where a "motion to strike can help litigants clear away irrelevant or redundant clutter." *Van Schouwen*, 782 F.Supp. at 1245. Defendant's timing in filing this motion is simply a distraction from discovery, ill-timed for the litigation and the case schedule. Defendant's failure to raise this defense in its initial invalidity contentions is its demise. *CoStar Realty Information, Inc. v. CIVIX-DDI, LLC*, case no. 1:12-cv-4968 (N.D. Ill. Aug. 8, 2013) (party may not gain an advantage by not complying with Local Patent Rules; finding otherwise, it would "[…] merely reward their dilatory tactics in their disclosures"). Any other outcome permits Defendant to shift position, and surprise Plaintiff with a newly raised defense, causing severe prejudice to Plaintiff by withholding the merits and supporting evidence to back up its claims or defenses. *Sloan v. Zurn*, Slip op. at p. 8, Case no. 1:10-cv-0204, Dkt. No. 285 (N.D. Ill. Apr. 12, 2012). First it was the unfounded defense of indemnification. Now it is a red herring defense pursuant to §101. Defendant's actions have severely prejudiced Plaintiff and should be stricken from the record.

Ultimately, Defendant's motion is not a true Rule 12(c) motion and the court should not permit briefing, at least until later in the schedule during dispositive motion practice, where the insufficiency of Defendant's properly raised defense(s) may be more thoroughly tested with the benefit of a fuller record – such as on a motion for summary judgment. *Van Schouwen*, 782 F.Supp. at 1245. As Defendant has already initiated the submission of evidence external to the pleadings, there is overwhelming evidence to strike the motion and continue the hearing (and any subsequent briefing) at least until the case schedule reaches dispositive motion practice.

The motion also raises a new defense for the first time in discovery (and outside of the Local Patent Rule disclosures), and comes at a time that will impact the schedule of this case,

thereby causing severe prejudice to Plaintiff. *Betts*, 2007 WL 2088813, * 2 (quoting *Talbot*, 961 F.2d at 664 (claims may be stricken "if the matter … may cause the objecting party prejudice.")).

Plaintiff respectfully requests this Honorable Court strike Defendant's Motion for Judgment on the Pleadings as untimely, prejudicial to Plaintiff. *Betts*, 2007 WL 2088813, * 1 (the court may strike matters on its "own initiative at any time.").

### IV. CONCLUSION

Defendant files this motion at a time when fact discovery should be close to completion and claim construction commences. For the reasons set forth herein, Plaintiff hereby requests this Honorable Court strike the Motion for Judgment on the Pleadings (Dkt. No. 45) as untimely and to continue any briefing on the issue(s) until the time period set in the Court's and the parties' schedule for dispositive motion practice - which is currently set for twenty-eight (28) days after the close of expert discovery. Dkt. No. 16, p. 3.

Dated: August 25, 2015

                                              Respectfully submitted,

By:    */s/ Maureen V. Abbey*
          Mark R Miller
          WEXLER WALLACE LLP
          55 West Monroe, Suite 3300
          Chicago, IL 60603
          Tel: (312) 346-2222
          Fax: (312) 346-0022
          kaw@wexlerwallace.com
          aek@wexlerwallace.com

          Steven W. Ritcheson, *Pro Hac Vice*
          **HENINGER GARRISON DAVIS, LLC**
          9800 D Topanga Canyon Blvd. #347
          Chatsworth, California 91311
          Telephone: (818) 882-1030

Facsimile: (818) 337-0383
Email: switcheson@hgdlawfirm.com

Rene A. Vazquez, *Pro Hac Vice*
**HENINGER GARRISON DAVIS, LLC**
18296 St. Georges Ct.
Leesburg, Virginia 20176
Telephone: (571) 206-1375
Facsimile: (205) 327-9114
Email: rvazquez@hgdlawfirm.com

Maureen V. Abbey, *Pro Hac Vice*
**HENINGER GARRISON DAVIS, LLC**
220 St. Paul Street
Westfield, New Jersey 07090
Telephone: (908) 379-8475
Facsimile: (205) 326-3332
Email: maureen@hgdlawfirm.com

*Counsel for Joao Control & Monitoring Systems, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2015, I electronically filed the foregoing using the Court's Case Management and Electronic Case Filing system, which will send notification of such filing to counsel of record in this action registered with the Court's system. Those counsel not registered with the Court's system will receive service via electronic and U.S. Mail.

*/s/ Maureen V. Abbey*
Maureen V. Abbey